**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 00-7166**

―――――――――

MALCOLM OMAWALE ABDULLAH,

Plaintiff - Appellant,

versus

STATE OF SOUTH CAROLINA; MICHAEL MOORE, Direc-
tor of South Carolina Department of Correc-
tions; OFFICER BREVARD,

Defendants - Appellees.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Margaret B. Seymour, District Judge.
(CA-99-1125-10-24BD)

―――――――――

Submitted:  October 26, 2000        Decided:  November 2, 2000

―――――――――

Before WIDENER, MICHAEL, and KING, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Malcolm Omawale Abdullah, Appellant Pro Se.  Andrew Frederick
Lindemann, DAVIDSON, MORRISON & LINDEMANN, P.A., Columbia, South
Carolina, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Malcolm Omawale Abdullah seeks to appeal from the district court's order adopting the recommendation of the magistrate judge and dismissing his civil rights action. We dismiss the appeal for lack of jurisdiction because Abdullah's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 11, 2000.* Abdullah's notice of appeal was filed on August 16, 2000. Because Abdullah failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant Appellees' motion to dismiss and dismiss the appeal. In light of

---

* Although the district court's order is marked as "filed" on April 10, 2000, the district court's records show that it was entered on the docket sheet on April 11, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

this disposition, we deny Abdullah's motion to review the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
